# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30235
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAIME JAUREGUI,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-67

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges

PER CURIAM:[*]

Jaime Jauregui challenges his convictions for conspiracy to violate the Gun Control Act and the National Firearms Act, in violation of 18 U.S.C. § 371, and for possession of unregistered firearms, in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871. Jauregui contends the court's allowing evidence of his prior felony conviction violated Federal Rules of Evidence 403 and 404(b) because it

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

was unduly prejudicial, and was used to show he acted in conformance with a criminal disposition.

Because Jauregui made a timely objection to the introduction of his prior felony conviction at trial, the evidentiary ruling is reviewed for abuse of discretion. *E.g., United States v. Sumlin*, 489 F.3d 683, 688 (5th Cir. 2007). We "are not required to reverse a conviction" if an error is harmless, that is, does not affect substantial rights. *United States v. Diaz*, 637 F.3d 592, 599 (5th Cir. 2011).

The evidence's admissibility hinges, in part, on whether it is intrinsic or extrinsic to the charged offense. *E.g., Sumlin*, 489 F.3d at 689. Here, evidence of Jauregui's felony conviction was intrinsic because it was a necessary part of the offenses' narrative; therefore, it was admissible, as discussed *infra*. *See United States v. Coleman*, 78 F.3d 154, 156 (5th Cir. 1996). Evidence of the felony conviction demonstrated why Jauregui could not legally purchase the weapons himself, and explained his enlisting a "strawman", Polk, to purchase the weapons. It also established that he, rather than Polk and an undercover federal agent, initiated the transaction, refuting his defense of entrapment. Moreover, a defendant puts his predisposition for criminal activity at issue when he alleges entrapment, and evidence of prior convictions may be admitted to rebut such a defense, provided that the probative value of such evidence outweighs the potential for unfair prejudice. *United States v. Parrish*, 736 F.2d 152, 156 (5th Cir. 1984).

Because Jauregui's prior conviction constituted intrinsic evidence, it was not subject to Rule 404(b). Furthermore, Jauregui's argument that the admission of the conviction ran afoul of Rule 403 is unpersuasive given that: the nature of his felony was never mentioned to the jury; the only testimony regarding the conviction was from Polk during his explanation of why Jauregui

No. 15-30235

approached him; and the court followed that testimony with a limiting instruction.

In the alternative, assuming, *arguendo*, the court erred in admitting the felony conviction, overwhelming evidence supported that Jauregui initiated the transaction, carried on negotiations for nearly a year, drove to Louisiana several times to plan and coordinate the details, and worked to finalize the purchase. For example, the Government presented over 80 recorded telephone conversations and four videotapes showing Jauregui negotiating the transaction. Considering the evidence supporting his conviction and the court's limiting instruction, any assumed error in the admitting evidence of the prior felony conviction was harmless. *United States v. Carrillo*, 660 F.3d 914, 928 (5th Cir. 2011) (finding erroneous admission of Rule 404(b) evidence was harmless in light of "strong evidence" of guilt and the district court's limiting instruction).

AFFIRMED.